UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: SEP 2 5 2013
```

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

PETRO-SUISSE LTD. and MARK GASARCH,

Defendants.

Civ. ( ) 12cv6221(AJN)

#

## FINAL JUDGMENT AS TO DEFENDANT PETRO-SUISSE LTD.

The Securities and Exchange Commission having filed a Complaint and Defendant Petro-Suisse Ltd. having entered a general appearance; consented to the Court's jurisdiction over Defendant Petro-Suisse Ltd. and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Petro-Suisse Ltd., and each of Defendant's partners, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service, facsimile service, telephonic notice, notice by e-mail or otherwise, are permanently restrained and enjoined from violating, directly or indirectly, singly or in concert, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)]

and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Petro-Suisse Ltd., and each of Defendant's partners, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service, facsimile service, telephonic notice, notice by e-mail or otherwise, are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements

    made, in light of the circumstances under which they were made, not misleading; or

(c)  to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Petro-Suisse Ltd. and Defendant Mark Gasarch are jointly and severally liable for disgorgement of $8,370,000, representing profits gained as a result of the conduct alleged in the Complaint, which liability is deemed fully satisfied by Defendant Petro-Suisse Ltd.'s previous payments to Petro-Suisse Ltd. limited partnership investors.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant Petro-Suisse Ltd. shall comply with all of the undertakings and agreements set forth therein.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: Sept. 25, 2013

_____
UNITED STATES DISTRICT JUDGE

THIS DOCUMENT WAS ENTERED
ON THE DOCKET ON _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>PETRO-SUISSE LTD. and MARK GASARCH,<br><br>Defendant Petro-Suisse Ltd.s. | Civ. (   ) |

**CONSENT OF DEFENDANT PETRO-SUISSE LTD.**

1. Defendant Petro-Suisse Ltd. waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant Petro-Suisse Ltd. and over the subject matter of this action.

2. Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Defendant Petro-Suisse Ltd. admits), Defendant Petro-Suisse Ltd. hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

>    (a) permanently restrains and enjoins Defendant Petro-Suisse Ltd. from violations of Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)], Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. 240.10b-5]; and

1

(b) orders Defendant Petro-Suisse Ltd. and Defendant Mark Gasarch jointly and severally liable for disgorgement of $8,370,000, which is deemed fully satisfied by Defendant Petro-Suisse Ltd.'s previous payments to Petro-Suisse Ltd. limited partnership investors.

3. Defendant Petro-Suisse Ltd. waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

4. Defendant Petro-Suisse Ltd. waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

5. Defendant Petro-Suisse Ltd. enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant Petro-Suisse Ltd. to enter into this Consent.

6. Defendant Petro-Suisse Ltd. agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

7. Defendant Petro-Suisse Ltd. will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

8. Defendant Petro-Suisse Ltd. waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant Petro-Suisse Ltd. of its terms and conditions. Defendant Petro-Suisse Ltd. further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant Petro-Suisse Ltd. has received and read a copy of the Final Judgment.

9. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant Petro-Suisse Ltd. in this civil proceeding. Defendant Petro-Suisse Ltd. acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant Petro-Suisse Ltd. waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant Petro-Suisse Ltd. further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant Petro-Suisse Ltd. understands that it shall not be permitted to contest the factual allegations of the complaint in this action.

10. Defendant Petro-Suisse Ltd. understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Defendant Petro-Suisse Ltd. agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is

3

without factual basis; and (ii) that upon the filing of this Consent, Defendant Petro-Suisse Ltd. hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant Petro-Suisse Ltd. breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant Petro-Suisse Ltd.'s: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

11. Defendant Petro-Suisse Ltd. hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant Petro-Suisse Ltd. to defend against this action. For these purposes, Defendant Petro-Suisse Ltd. agrees that Defendant Petro-Suisse Ltd. is not the prevailing party in this action since the parties have reached a good faith settlement.

12. Defendant Petro-Suisse Ltd. agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

13. Defendant Petro-Suisse Ltd. agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

04/06/12

Petro-Suisse Ltd.

By: _____
Mark Gasarch
Director

On __April 6,__, 2012, __MARK GASARCH__, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of Petro-Suisse Ltd as its __Director__.

_____
Notary Public
Commission expires:

Randi Yerman
Notary Public, State of New York
No. 01YE4723089
Qualified in Queens County
Commission Expires September 30, 2014

Approved as to form:

_____
Douglas Jensen, Esq.
Park & Jensen LLP
630 Third Ave
New York, NY
646-200-6320
Attorney for Defendant Petro-Suisse Ltd.

5